WENTWORTH, Judge.
The employer and carrier (e/c) appeal an order awarding claimant permanent partial disability benefits computed at 60% of the body as a whole, based on loss of wage earning capacity. The e/c argue that the award in excess of the 30% accepted anatomical rating is not supported by competent substantial evidence. We agree and reverse.
Claimant suffered a back injury on July 25, 1977, and reached maximum medical improvement (MMI) on February 26, 1980. Claimant was then awarded temporary total rehabilitation benefits. His rehabilitation program included high school courses in reading, arithmetic and English as well as a two-week training period at McDonald Training Center in a program called “Jobs for Industry.” As part of the latter program, claimant was placed in a simulated job situation with managerial responsibilities. The rehabilitation professional who worked with claimant testified that he had good motivation, skills, and working habits. However, there were days when he did not show up for work because he was complaining of pain. The expert recommended self employment. Claimant also testified that because of his pain, he was unable to work regularly and believed that his best opportunity would be to go into business for himself so that his hours could be flexible. It is undisputed that claimant made no attempt to work other than his participation in the Jobs for Industry program.
Claimant’s complaints of pain are corroborated by the latest report of his treating physician who understood that claimant was searching for work that did not require heavy lifting “and in which he can be absent on certain days if his pain becomes more intense.” However, as noted, claimant did not attempt to find or perform any job, other than occasional plumbing work with a friend, and the medical evidence does not establish any continuing medication except aspirin, nor any predictable expectation of absenteeism. Claimant relies largely on the testimony of the rehabilitation expert, and asserts that his testimony establishes that claimant could not be placed because he was unable to work regularly.
It may be that, given the proper predicate, a program such as the one in which claimant participated might demonstrate an economic loss when the alleged inability to work is substantiated by independent observations and conclusions of the rehabilitation expert and expressly confirmed by such testimony. We have reviewed the expert’s testimony in this case, however, and find it to be entirely inadequate to support such a conclusion. Representative of such testimony are the following excerpts:
Q. Do you know if there were any efforts made on the part of Mr. Hernandez or Voc. Rehab, to place him in a bookkeeping-type situation or a tax service-type situation or anything of that type?
A. Yes. Well, basically, the idea was this special temporary program to explore those opportunities to see if we can have chances of forseeing an opportunity to place him probably on on-the-job training or look for a tem *336 porary type of a job where he would be able to go; much of the nature of this type.
Q. Do you know if he actually had a job outside of Jobs for Industry? Do you know if he has actually gone out looking for light-duty type work, from things he has told you or from your own knowledge or otherwise?
A. In a few conversations, we have discovered — I feel we did made some efforts to — I don’t really — I can’t exactly tell you when. I think — he has always shown interest in returning to work.
He stated simply that because of his complaints of pain claimant did not always show up for scheduled activity. He did not testify that he reached a conscious decision that claimant was unemployable. The only definite fact that can be gleaned from the expert’s ambiguous testimony is that no attempts were made to find employment for which claimant might be suited, his bouts with pain notwithstanding. We find nothing in this record supporting excusal of the well settled evidentiary requirement that a disability rating based on loss of wage earning capacity must generally be supported by evidence of a job search.
The order awarding benefits in excess of the claimant’s physical impairment and attorney’s fees is therefore reversed.
NIMMONS and ZEHMER, JJ., concur.